UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARON MANDEL EVANS,

                        Petitioner,             Case No. 2:19-cv-10760
                                                                Hon. Victoria A. Roberts
v.

RANDEE REWERTS,

                        Respondent.
_____/

**ORDER (1) DENYING MOTION TO APPOINT COUNSEL, (2) GRANTING MOTION TO FILE BRIEF INSTANTER, AND (3) CONDITIONALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This habeas case was filed by Michigan prisoner Daron Mandel Evans under 28 U.S.C. § 2254. Evans was convicted after a jury trial in the Oakland Circuit Court of delivery of heroin causing death, and two counts of delivery of heroin. The trial court sentenced Evans to 18-60 years for the delivery causing death conviction and 5-30 years for the delivery convictions. The Court denied the petition, Evans appealed, and the case is now on remand from the Sixth Circuit to consider whether Evans is entitled to habeas relief on his sentencing claim. *See Evans v. Rewerts*, No. 21-1190 (6th Cir. June 22, 2022).

I.

While this case was on appeal in the Sixth Circuit, Respondent conceded that Evans' rights under *Alleyne v. United States*, 570 U.S. 99 (2013), were violated when the trial court scored the then-mandatory state sentencing guidelines based on judicially found facts instead of only those facts necessarily determined beyond a reasonable doubt by the jury. Respondent maintained, however, that the error was harmless. Because Respondent's harmless-error argument was never

considered by this Court, the Sixth Circuit remanded the case for consideration whether Evans is entitled to habeas relief on his *Alleyne* claim. *Id.*, at *7-8.

The parties submitted supplemental briefs.[1] Respondent forthrightly concedes that when the sentencing guidelines are scored using only facts necessarily determined by the jury beyond a reasonable doubt, it produces a lower sentencing guidelines range. Respondent asserts that the error is nevertheless harmless because the sentence imposed by the trial court still falls within the new, lower range. (ECF No. 27.) Evans filed a supplemental brief simply requesting resentencing due to the error without addressing harmless error, and he also filed a motion for the appointment of counsel.[2] (ECF No. 23 and 24.)

For the reasons that follow, the Court finds that the *Alleyne* error was not harmless.

The petition for writ of habeas corpus will be granted and conditioned on the trial court conducting a new sentencing hearing.

II.

Respondent concedes that an *Alleyne* violation occurred. The only question before the Court is whether the error entitles Evans to habeas relief or whether the error was harmless.

The test for harmless error on habeas review of a state conviction is different than that for a case on direct review. A state habeas petitioner is not entitled to relief based on trial court error unless he demonstrates that the error "had [a] substantial and injurious effect or influence in

---

[1] Respondent's motion to file it's untimely supplemental brief *instanter* is granted. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

[2] The Court exercises its discretion to deny Evans' motion for appointment of counsel because counsel is not needed to aid in the decisional process. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993).

determining" the outcome of the proceeding. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *Holland v. Rivard*, 800 F.3d 224, 243 (6th Cir. 2015).

In this Circuit, sentencing errors of this sort which occur in federal prosecutions have been held harmless where the reviewing court is persuaded beyond a reasonable doubt that, if so instructed, the jury would have made findings supporting the then-mandatory minimum sentence. *See, e.g., Gibson v. United States*, 2018 U.S. App. LEXIS 3891, *4 (6th Cir. Feb. 16, 2018); *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013)(holding that an *Alleyne* error is harmless where the record would support a jury verdict on the applicable sentencing enhancement); *United States v. Soto*, 794 F.3d 635, 664 (6th Cir. 2015).

Respondent does not make that type of harmless error argument. Instead, and without citation to authority, Respondent asserts that because the erroneous sentence still fell within the corrected lower guidelines range, the error was harmless. But the fact that an erroneous sentence did not exceed the corrected range, standing alone, does not provide persuasive reason to find harmless error. In fact, the Sixth Circuit has generally found such errors require relief when a correction of the Sixth Amendment violation would lower the guideline range or where the record otherwise suggests that the sentencing court would have imposed a lower sentence but for the mandatory guidelines.

In *United States v. Duckro*, 466 F.3d 438 (6th Cir. 2006), the court imposed a 66-month sentence under the then-mandatory federal sentencing guidelines. Despite the fact the original sentence would nevertheless fall within the corrected range, the Sixth Circuit found the error was not harmless:

> Because the district court selected from the low end of the 63-78 month range that it believed to be correct, it stands to reason that it might choose an even lower sentence when presented with a 57-71 month range. Thus, the mistake cannot be said to be harmless, and a remand is warranted.

3

*Duckro*, 466 F.3d at 447.

Similarly, in *United States v. Trammel*, 404 F.3d 397 (6th Cir. 2005), the Sixth Circuit decided that a bottom of the guidelines sentence imposed in violation of the Sixth Amendment was not harmless:

> Trammel was sentenced at the very bottom of the Guideline range, which suggests that there is an even greater chance that the district court may have sentenced Trammel to a lower sentence if the sentencing court had known, as we know now, that the Guidelines are advisory. *See, e.g., United States v. Hamm*, 400 F.3d 336, 2005 WL 525232, at *3 (6th Cir. 2005).

*Trammel*, 404 F.3d at 402.

Those were direct appeal cases. But here too, the record strongly suggests that the place Evans' sentence fit within the guidelines range played a significant factor in the trial court determining what term of imprisonment to impose. Evans' mandatory sentencing guidelines were scored by the trial court to call for a minimum term between 171 to 356 months. (ECF No. 9-14, PageID.673.) The Court accepts for the sake of argument Respondent's position that the guidelines should have been scored to a lower range between 126 to 262 months. (ECF No. 27, PageID.1405.) As indicated above, the minimum sentence imposed by the trial court was 18 years, or 216 months.

The court imposed a sentence 45 months greater than the bottom end and 140 months lower than the top end of the erroneous range. In other words, it imposed a sentence much closer to the bottom of the wrong and higher range than to the top. Assuming as Respondent suggests, the trial court would have imposed the same sentence using the correct guidelines, the sentence would have been 90 months higher than the bottom end of the correct guidelines, and only 46 months from the top end – a sentence closer to the top of the range than to the bottom. So while it is true that Evans' sentence fits in both guidelines ranges, the difference is between imposing a sentence towards the bottom of the wrong range or towards the top of the correct range.

The record suggests that the trial court aimed at imposing a sentence towards the bottom of the guidelines range. Prior to the trial court imposing sentence, the prosecutor asked for a sentence towards the top of the guidelines range. "Judge, probation is recommending 23 years [276 months]; the guidelines allow this court to go closer to 30 years. We're asking for at least a minimum sentence of 25 years [300 months] in prison." (ECF No. 9-14, PageID.673.) Meanwhile, defense counsel opposed a top end of the guidelines sentence: "I'm only asking this, that the recommendation of the top end of the – well, it's not the top end now – but the substantial time that my client should spend in prison be reduced...." (*Id.*, PageID.668-69.) The trial court rejected the recommendation of the probation department and the prosecutor, and instead it sided with defense counsel and imposed a sentence at the low end of the guidelines. (*Id.*, PageID.674-75.)

As in *Duckro*, it stands to reason that the trial court might have chosen an even lower sentence than 216 months if it had been presented with a 126-262 month range. Faced with mandatory guidelines, the trial court imposed a sentence less harsh than that requested by the prosecutor. Had the guidelines been lower and not mandatory, the record supports the position that an even lesser sentence may have been imposed. Indeed, Respondent does not argue to the contrary – it only asserts that the error was harmless because the original sentence in both ranges. That position is far too vague and ignores the reality of how sentencing courts consider and apply both the mandatory and non-mandatory sentencing guidelines ranges.

The Court concludes that the *Alleyne* error had a substantial influence or impact on the result of Evans' sentencing proceeding. Habeas relief is warranted.

### III.

Respondent asserts that the appropriate remedy for the violation is a remand to the trial court to determine whether the trial court would have imposed a materially different sentence but

for the constitutional error. *See United States v. Crosby*, 397 F.3d 103, 118 (2d Cir. 2005). Evans seeks a full resentencing as the appropriate remedy.

The Sixth Circuit holds that district courts have discretion whether to condition the writ for an *Alleyne* violation on a *Crosby* proceeding or on a full resentencing. *Morrell v. Wardens*, 12 F.4th 626, 633 (6th Cir. 2021).

*Morrell* was a consolidated appeal of district court decisions by Judges Cox, Edmunds, Berg, and Steeh, all of whom granted habeas conditioned upon a full resentencing rather than a *Crosby* proceeding. *Id*. at 627. The Sixth Circuit noted that "[t]here are valid reasons why a court may decide that a full resentencing hearing, which allows a defendant to appear in court and make new arguments based on the advisory guideline range, more effectively cures the constitutional violation than a more limited *Crosby* hearing." *Id*. at 634 (citing *Reign v. Gidley*, 929 F.3d 777, 781 (6th Cir. 2019)("[B]y depriving him of a full resentencing hearing, the sentencing court deprived [the petitioner] of the chance to make an argument that the court should depart from the guidelines under a sentencing scheme where such departures were more likely.")). The *Morrell* court also rejected arguments similar to those made by Respondent regarding the increased burden of a full resentencing on state judicial resources. *See id*.

Against this backdrop of judicial discretion, the Court concludes that a full resentencing would best cure the *Alleyne* violation here. A full resentencing proceeding will afford Evans a full opportunity to make any arguments in support of a departure from the non-mandatory and lower guidelines range. *See Edmonds v. Rewerts*, No. 2:18-CV-11691, 2020 U.S. Dist. LEXIS 258192, at *7 (E.D. Mich. Feb. 27, 2020)(noting that "the *Crosby* remand procedure is increasingly 'unpopular' with the federal courts" (citing *Morrell v. Burton*, No. 2:17-CV-10961, 2020 U.S. Dist. LEXIS 25744, at *5-6 (E.D. Mich. Feb. 14, 2020))); *see also, e.g., United States v. Milan*,

398 F.3d 445 (6th Cir. 2005)(explicitly rejecting *Crosby* in the context of *Booker* violations and concluding that the proper remedy is remand to the district court for resentencing).

IV.

The Court **CONDITIONALLY GRANTS** the petition for writ of habeas corpus on Evans' claim that his constitutional rights were violated under *Alleyne*, and that the error was not harmless. Unless the State of Michigan takes action to re-sentence Evans in accordance with this opinion within one hundred and twenty (120) days of the date of this opinion, Evans may apply for a writ ordering Respondent to release him from custody.

**SO ORDERED.**

s/ Victoria A. Roberts<br>
Hon. Victoria A. Roberts<br>
United States District Judge

Dated: 4/25/2023