UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARON MANDEL EVANS,

      Petitioner,                      Case No. 19-cv-10760
                                              Hon. Matthew F. Leitman

v.

RANDEE REWERTS,

      Respondent.
_____/

## ORDER DIRECTING THE PARTIES TO FILE ADDITIONAL BRIEFING

Petitioner Daron Mandel Evans is a state inmate in the custody of the Michigan Department of Corrections. In 2019, Evans filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. On April 25, 2023, the Court conditionally granted Evans habeas relief as follows:

> The Court CONDITIONALLY GRANTS the petition for writ of habeas corpus on Evans' claim that his constitutional rights were violated under *Alleyne*, and that the error was not harmless. Unless the State of Michigan takes action to re-sentence Evans in accordance with this opinion within one hundred and twenty (120) days of the date of this opinion, Evans may apply for a writ ordering Respondent to release him from custody.

(Order, ECF No. 28, PageID.1416.)

On May 21, 2025, Evans filed a form petition for writ of habeas corpus using the above case number. (*See* Pet., ECF No. 30.) It is unclear based on the manner

1

Evans filled out the form, however, whether he intended to file a second action seeking to raise claims challenging both his underlying conviction and resentencing, or whether he is challenging the state's compliance with the Court's 2023 order conditionally granting him habeas relief.

The body of the petition appears to raise claims challenging Evans' conviction and sentence. (*See id.*, PageID.1425-1429.) But in a section at the end of the form, Evans appears to suggest that he is challenging the state's compliance with the conditional grant of habeas relief. (*See id.*, PageID.1430-1431.) Finally, in the section of the form directing Evans to state the relief requested, he states:

> A Full Resentence is synonymous to a de novo review, and plenary sentencing. The Federal Court's authority and reliance on the Sixth Amendment of the U.S. Constitution to grant Evans' writ of habeas corpus should supersede the state's reliance on the law of the case, even if the State's outcome on OV6 remains the same.

(*Id.* PageID.1431.)

Based on this uncertainty, the Court **ORDERS** Evans to file a supplemental pleading, by no later than **July 14, 2025**, that informs the Court whether: (1) he is solely claiming that the Respondent has failed to comply with the Court's 2023 conditional grant of habeas relief or (2) he is raising other grounds seeking relief from his conviction and sentence.  If Evans is seeking to raise grounds for relief that

2

are unrelated to the Court's 2023 conditional grant of habeas relief, he shall specifically identify those claims in his supplemental pleading.

Respondent shall file a responsive pleading and any new Rule 5 materials related to Evans' resentencing proceeding and subsequent appeal within sixty (60) days of Evans' supplemental brief.

Finally, the Clerk shall reopen this case and return it to the Court's active docket.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  June 2, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 2, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126