UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARON MANDEL EVANS,

               Petitioner,                           Case No. 19-cv-10760
                                                 Hon. Matthew F. Leitman

v.

RANDEE REWERTS,

               Respondent.

_____/

## ORDER (1) DENYING PETITIONER'S MOTION TO AMEND/CORRECT PETITION (ECF No. 33), (2) DENYING PETITIONER'S MOTION TO RE-OPEN CASE (ECF No. 37), AND (3) DENYING A CERTIFICATE OF APPEALABILITY

In 2014, Petitioner Daron Mandel Evans was convicted of three serious controlled substances offenses in a Michigan state court and sentenced to serve a term of up to 60 years in prison. Nine years later, United States District Judge Victoria A. Roberts granted Evans relief from his sentence in habeas proceedings. Judge Roberts ruled that Evans was entitled to that relief because the state trial court determined his sentence based upon judge-found facts and sentenced him under Michigan's then-mandatory sentencing guidelines. Judge Roberts determined that sentencing Evans under those circumstances violated the Sixth Amendment. She ordered Respondent to release Evans from custody unless he was given a new sentencing hearing within 120 days. The state trial court thereafter held a

1

resentencing hearing within the 120-day period and resentenced Evans under Michigan's now-advisory sentencing guidelines.

Now before the Court are two motions that Evans has filed: (1) a motion to amend or correct his petition for a writ of habeas corpus (ECF No. 33) and (2) a motion to re-open his case (ECF No. 37). In both motions, Evans asserts that he is entitled to an unconditional grant of habeas relief because his resentencing proceedings did not satisfy the requirements imposed by Judge Roberts' grant of habeas relief. Respondent counters that the resentencing of Evans under Michigan's now-advisory sentencing guidelines did comply with the grant of habeas relief. (*See* Resp., ECF No. 35.) The Court agrees with Respondent. Therefore, for the reasons explained below, the Court **DENIES** both motions. The Court also **DENIES** Evans a certificate of appealability.

# I

## A

On January 27, 2014, a jury in the Oakland Circuit Court convicted Evans of one count of delivery of a controlled substance causing death, MICH. COMP. LAWS § 750.317a, and two counts of delivery of a controlled substance of less than 50 grams, MICH. COMP. LAWS § 333.7401(2)(a)(iv). (*See* 01/27/2014 Tr., ECF No. 9-18.) The state trial court then sentenced Evans to 18-to-60 years' imprisonment for the

delivery causing death offense, and concurrent terms of 5-to-30 years' imprisonment for the two lesser offenses. (*See* St. Ct. Op., ECF No. 13, PageID.1207.)

At the time of Evans' sentencing, Michigan's sentencing guidelines were mandatory, and the state trial court used those mandatory guidelines to calculate Evans' sentence. Relevant here, the state court assigned Evans 50 points for Offense Variable 6 ("OV 6") of the sentencing guidelines, which relates to the offender's intent to kill or injure. That offense variable provides that:

> Offense variable 6 is the offender's intent to kill or injure another individual. Score offense variable 6 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> > (a) The offender had premeditated intent to kill *or the killing was committed while committing or attempting to commit* arson, criminal sexual conduct in the first or third degree, child abuse in the first degree, *a major controlled substance offense*, robbery, breaking and entering of a dwelling, home invasion in the first or second degree, larceny of any kind, extortion, or kidnapping or the killing was the murder of a peace officer or a corrections officer … *50 points*

MICH. COMP. LAWS § 777.36(1)(a) (emphasis added).

Evans appealed his convictions and sentence in the Michigan Court of Appeals. Among other claims, Evans asserted that the state trial court had incorrectly scored OV 6 of the then-mandatory sentencing guidelines at 50 points because no evidence was presented showing that he intended to kill the decedent

when he delivered the controlled substance.  The Michigan Court of Appeals denied relief and held that "the sentencing court properly scored OV 6." *People v. Evans*, 2015 WL 4390604, at * 3-4 (Mich. Ct. App. July 16, 2015).

Following the conclusion of his direct appeals, Evans filed a motion for relief from judgment in the state trial court. (*See* St. Ct. Mot., ECF No. 9-21.)   In that motion, Evans argued, among other things, that the state trial court's scoring of OV 6 and two other offense variables violated *Alleyne v. United States*, 570 U.S. 99 (2013), because the sentencing guidelines were mandatory and the trial court relied on facts not found beyond a reasonable doubt by the jury when it scored those variables.[1] (*See id.*, PageID.1048-1051.) The state courts denied relief on the merits and under Michigan Court Rule 6.508(D)(3). (*See* Orders, ECF Nos. 9-23, 9-24, 9-25.)

---

[1] In *Alleyne*, the United States Supreme Court held that that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111-12. Then, in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), the Michigan Supreme Court held that under *Alleyne*, Michigan's then-mandatory sentencing guidelines violated the Sixth Amendment because the guidelines "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range." *Lockridge*, 870 N.W.2d at 506 (emphasis in original).  The court's remedy was to make the guidelines advisory only. *See id.* at 520-21.

4

**B**

On March 13, 2019, Evans filed his federal habeas petition in this Court under 28 U.S.C. § 2254. (*See* Pet. ECF No. 1.)  In the petition, Evans raised six claims seeking relief from his convictions and sentence, including his *Alleyne* claim.  After several years of proceedings and appeals, Judge Roberts ruled that Evans was entitled to "a full resentencing" based on his *Alleyne* claim because, contrary to the rule in *Alleyne*, he was sentenced based upon judge-found facts under a mandatory guidelines system. (Order, ECF No. 28, PageID.1410-1411, 1415.)  Judge Roberts conditionally granted Evans habeas relief on his *Alleyne* as follows:

> The Court CONDITIONALLY GRANTS the petition for writ of habeas corpus on Evans' claim that his constitutional rights were violated under *Alleyne*, and that the error was not harmless. Unless the State of Michigan takes action to resentence Evans in accordance with this opinion within one hundred and twenty (120) days of the date of this opinion, Evans may apply for a writ ordering Respondent to release him from custody.

(*Id.*, PageID.1416.)

**C**

On August 10, 2023, within the 120-day period described above, the state trial court conducted a full resentencing proceeding. (*See* 08/10/2023 Sent. Tr., ECF 36-5.)  At that hearing, Evans argued that OV 6 should be scored at zero points based on the same argument that he presented to the state courts on direct appeal – that he did not intend to kill the decedent because "at the time of the delivery, not only had

5

Mr. Evans not ever met Mr. Brown (the decedent), but Mr. Brown wasn't part of that delivery by Mr. Evans…. [H]e came into contact with that controlled substance through another party…." (*Id.*, PageID.1562-1563.)

The state trial court, noting that Evans' argument had already been rejected on direct appeal, held that it was bound by the Michigan Court of Appeals' determination that OV 6 was properly scored at 50 points. (*See id.*, PageID.1563-1564.)  Based on the reduction of the scores for three other offense variables that were adjudicated at the resentencing, Evans' new advisory guidelines range called for a minimum term of 108-to-225 months' imprisonment. (*See id*., PageID.1566.) The state court then sentenced Evans in the middle of the advisory range to 14 years (168 months) to 60 years imprisonment for the delivery causing death conviction. (*See id*. PageID.1572.) The court left the lesser concurrent sentences unchanged at 5-to-30 years' imprisonment. (*See id*.)

Evans appealed his new sentence, and the Michigan Court of Appeals affirmed the sentence, including the scoring of 50 points for OV 6. *See Evans*, 2024 WL 3841696, at * 4-5 (Mich. Ct. App. Aug. 15, 2024).  In a passage worth quoting at length, the Michigan Court of Appeals carefully explained why Judge Roberts' grant of habeas relief did not preclude the state trial court from applying the law of the case doctrine to the scoring of OV 6:

Defendant argues that resentencing court erred when it declined to revisit this Court's prior decision regarding OV 6, citing law of the case. We disagree and conclude that both the resentencing court and this Court are bound by law of the case.

[….]

It is undisputed that this Court considered and ruled on the OV 6 issue in defendant's appeal of right. Accordingly, consistent with the law of the case doctrine, neither we nor the resentencing court may revisit that question unless the Sixth Circuit's remand order requires us to do so.

Defendant argues that the Sixth Circuit's use of the term "full resentencing" requires the resentencing court to consider all issues, even those on which this Court had ruled. We disagree for two reasons. First, there was only one issue before the Sixth Circuit - whether the sentencing court had scored the guidelines based on judge-made findings of fact rather than those necessarily determined by the jury. Second, at least at the time the habeas petition was granted, the law in the Sixth Circuit was that where an *Alleyne* error had occurred, the federal district court had discretion to remand for a *Crosby* hearing or for a full resentencing. See, *Morrell v Wardens*, 12 F 4th 626, 634 (CA 6, 2021). The former procedure allows a trial court to determine whether the scoring error would result in a change in the sentence it imposed, and if not, it need not hold a resentencing. The latter requires a resentencing hearing at which defendant has the right to be present.

As noted above, defendant raised six issues in his habeas petition, one of which was that the guidelines had been scored improperly. The federal district court rejected all six arguments and particularly noted that a habeas petition cannot raise challenges based solely on state law, e.g. the scoring of state sentencing guidelines absent a constitutional issue. While the district court did issue a certificate of appealability to the Sixth Circuit, it permitted

an appeal only as to the *Alleyne* issue, i.e. whether defendant's OVs were scored on the basis of judge-found facts. *Evans II*, unpub. op. at 9. Accordingly, whether OV 6 was properly scored under state law was not even before the Sixth Circuit. In addition, although defendant relies on the use of the phrase "full resentencing," in the remand order, defendant fails to consider language in the remand order stating that the purpose of the remand was to provide him with "a full opportunity to make any arguments in support of a departure from the non-mandatory and lower guidelines range," i.e. the *Alleyne* issue.

At resentencing, the circuit court noted that the parties agreed OV 5 and OV 9 should each be assessed zero points. Then the resentencing court heard defendant's arguments as to OV 3—the scoring of which had not been challenged in his direct appeal—and agreed the sentencing court had not clearly set forth its reasons for scoring it. It therefore concluded that OV 3 should be analyzed "anew," and held that zero points should be assessed for OV 3 because "there is no evidence that the heroin caused a life threatening or permanent incapacitating injury."

Defendant challenged the scoring of OV 6 at the resentencing, but did not argue that the scoring of OV 6 violated *Alleyne*. Defendant argued only that it had been misscored under state law, the exact issue that had been addressed by this Court in defendant's appeal of right. Given that the basis for scoring OV 6 had already been considered and decided by this Court and that the issue of whether the OV was properly scored under state law was not even before the Sixth Circuit, we reject the argument that the Sixth Circuit's order required us to ignore the law of the case doctrine and again consider whether OV 6 was properly scored.

Our conclusion is further bolstered when one considers the context in which the federal district court remanded for a "full resentencing." Defendant argues that this means that

all sentencing issues were back on the table. We disagree. As noted above, upon finding that there had been an *Alleyne* error, the district court could order either of two remedies; it could remand for a *Crosby* proceeding or for "full resentencing," the latter of which would require a full hearing, the presence of the defendant and an opportunity to argue why the trial court should impose a different sentence. See *Morrell v Wardens*, 12 F 4th 626, 634 (CA 6, 2021). We conclude therefore that the use of the term "full resentencing" was intended to require a resentencing rather than a *Crosby* ruling. We do not read it as directing us to override the law of the case as to issues already determined by this Court that were never considered by the Sixth Circuit.

Moreover, once the Michigan Supreme Court decided *Lockridge*, any constitutional error under *Alleyne* lay not in the scoring of the guidelines (because the guidelines could be scored with judge-found facts since the guidelines were now advisory rather than mandatory). In *Morrell*, 12 F 4th at 634, the court discussed both the purpose of the habeas remedy and the advantages of ordering a resentencing:

> The primary goal of a habeas remedy is to cure the constitutional violation, *Ewing* [*v Horton*, 914 F3d 1027, 1032–33 (CA 6, 2019)], which in this appeal was the application of mandatory sentencing guidelines based in part on judicially found facts. There are valid reasons why a court may decide that a full resentencing hearing, which allows a defendant to appear in court and make new arguments based on the advisory guideline range, more effectively cures the constitutional violation than a more limited *Crosby* hearing.

Therefore, post-*Lockridge*, the constitutional violation to be cured is a sentencing judge's misapprehension that the sentencing guidelines are mandatory rather than advisory, rather than the fact that the guidelines were scored based

upon judge-found facts. As for the Sixth Circuit's apparent preference for a resentencing rather than a *Crosby* hearing, *Morrell*, 12 F 4th at 634, notes that a resentencing hearing "allows a defendant to appear in court and make new arguments based on the advisory guideline range" and that a *Crosby* hearing would deprive a defendant "of the chance to make an argument that the court should depart from the guidelines under a sentencing scheme where such departures were more likely." (Internal quotation marks and citation omitted.)

Accordingly, because the *Evans IV* Court could not consider whether the sentencing court correctly scored the guidelines under Michigan law, the sentencing court's decision and this Court's decision in *Evans I* concerning the assessment of 50 points to OV 6 could not be second-guessed by the federal district court and the circuit court did not err when it declined to revisit OV 6 at the resentencing absent allegations of an Alleyne error. *See Sanford v Yukins*, 288 F3d 855, 860 (CA 6, 2002).

*Id.* at * 3-6 (internal footnotes removed).

The Michigan Supreme Court subsequently denied leave to appeal. *People v. Evans*, 15 N.W.3d 596 (Mich. 2025) (Table).

## D

On May 21, 2025, Evans returned to this Court and filed what he labeled as a new petition for writ of habeas corpus. (*See* Pet., ECF No. 30.) Because it was unclear whether Evans intended to commence a new action raising new claims or whether he wished to assert that the State did not comply with the previous conditional grant of habeas relief, the Court ordered Evans to clarify his pleading. (*See* Order, ECF No. 32.)

10

Evans responded to that order by filing his motion to amend or correct in which he said that it was his intent to challenge the State's compliance with the prior conditional grant of habeas relief. (*See* Mot., ECF No. 33.) Respondent thereafter filed both a supplemental brief responding to Evans' arguments and the state court record related to the resentencing and subsequent appeal. (*See* ECF Nos. 35, 36.) Finally, Evans also filed a motion to re-open his case in which he again reiterated his claim that the State did not comply with the terms of the previous conditional grant of habeas relief. (*See* Mot., ECF No. 37.)

This Court retains jurisdiction to determine whether Respondent complied with the terms of the conditional grant of relief, *see Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006), and it is now prepared to rule on Evans' motions.

## II

Evans asserts that the State failed to comply with the terms of the conditional grant of habeas relief calling for a full resentencing proceeding because the state trial court failed to entertain his challenge to the prior scoring of OV 6.  The Court disagrees.

As the conditional grant of habeas relief makes clear, Evans was granted habeas relief because the original sentencing proceeding violated his rights "under *Alleyne.*" (Order, ECF No. 28, PageID.1416.)  And the violation of *Alleyne* occurred

11

because the state trial court sentenced Evans under a mandatory guidelines system based upon judge-found facts.

The resentencing of Evans fully complied with *Alleyne* – and thus cured the error that tainted Evans' original sentencing – because Evans was resentenced under advisory guidelines. *See Reign v. Gidley*, 929 F.3d 777, 780-811 (6th Cir. 2019) (holding that Michigan sentencing court cured *Alleyne* violation when it resentenced defendant under advisory version of sentencing guidelines).  And because the resentencing complied with *Alleyne*, it satisfied the requirements of Judge Roberts' grant of habeas relief.

Evans counters that his resentencing did not comply with Judge Roberts' grant of habeas relief because the state trial court applied the law of the case doctrine to OV 6 and did not independently reconsider whether that variable was properly scored at 50 points.  But Judge Roberts' grant of relief did not require the state trial court to disregard the law of the case doctrine or to conduct a further review of OV 6.  Instead, that grant of relief required the state trial court to give Evans a resentencing proceeding that fully complied with the Sixth Amendment.  And, as explained above, the state trial court did just that when it resentenced Evans under Michigan's now-advisory guidelines.

### III

For all of the reasons explained above, by providing Evans a resentencing proceeding at which he was resentenced under advisory sentencing guidelines, the State fully complied with Judge Roberts' conditional grant of habeas relief.  Evans' motions seeking relief (ECF Nos. 33, 37) are therefore **DENIED**.

In addition, the Court **DENIES** Evans a certificate of appealability because reasonable jurists would not disagree with the Court's disposition of the pending motions.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 12, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126